DECISION
Rhode Island Hospital has moved this Court for the issuance of a Judgment allowing a gift fund to be used for a purpose, other than its established purpose. For the reasons set forth below, the hospital's request is denied.
Some time ago, [1] United States Senator Jesse Metcalf was an active supporter of Rhode Island Hospital. He served as President of the hospital's governing board for several years. Senator Metcalf established a fund at the hospital to purchase radium for the treatment of cancer. Through time, other donors and members of the Metcalf family, made additional donations to the fund.
The hospital alleges that physicians no longer use radium for brachytherapy[2], a type of cancer treatment. It urges the Court to allow for modification to the trust to allow the remaining monies to be used for new equipment and materials for care of brachytherapy patients, clinical research, and professional travel. *Page 2 
 Statutory Framework
Just this year, the Rhode Island General Assembly enacted a new statute allowing for modifications of certain trusts. When the fund is over $25,000 and the donor does not consent, court approval is required as set forth in the following provisions:
 § 18-12.1-6. Release or modification of restrictions on management, investment, or purpose —
 (a) . . .
 (b) The court, upon application of an institution, may modify a restriction contained in a gift instrument regarding the management or investment of an institutional fund if the restriction has become impracticable or wasteful, if it impairs the management or investment of the fund, or if, because of circumstances not anticipated by the donor, a modification of restriction will further the purposes of the fund. The institution shall notify the attorney general of the application, and the attorney general must be given an opportunity to be heard. To the extent practicable, any modification must be made in accordance with the donor's probable intention.
 (c) If a particular charitable purpose or a restriction contained in a gift instrument on the use of an institutional fund becomes unlawful, impracticable, impossible to achieve, or wasteful, the court, upon application of an institution, may modify the purpose of the fund or the restriction on the use of the fund in a manner consistent with the charitable purposes expressed in the gift instrument. The institution shall notify the attorney general of the application, and the attorney general must be given an opportunity to be heard.
 (d) ***
Rhode Island Hospital relies on.G.L. § 18-12.1-6(b) for its application, though subsection (c) may also apply. *Page 3 
 Analysis
Each of the subsections of the statute requires that the applicant make affirmative showings. The hospital claims that because of "circumstances not anticipated by Mr. Metcalf . . . a modification of the restriction will further the purposes of the fund". (Hospital memorandum, p. 2.) The statute is more specific. Subsection (b) requires a showing that "a modification of the restriction will further the purposes of the fund".
Here, the hospital failed to locate any trust agreement, gift instrument or hospital minutes establishing the fund, or setting guidelines for it. In fact, the hospital produced no evidence at all. There is no indicia of when or how the fund was established, no evidence establishing that the treatment type is obsolete or changed, and no evidence concerning Senator Metcalf's goals with the fund, or his overall intentions. The Court does not question Senator Metcalf's generosity in providing funds for philanthropic purposes, but is reluctant to presume that no written guidelines or reports exist. Without some showing, the Court will not draw such an inference.
Clearly, a goal of the statutory scheme is to oversee and require judicial review before the redirection of gift funds. Trust funds are even more limited by their express terms, and fiduciary duties. Accordingly, it would be inappropriate for the Court to presume that funds dedicated for the specific purpose of purchasing radium for cancer treatment can now be redirected to professional travel expenses and other causes. While these uses may be consistent with Senator Metcalf's personal goals, or the explicit *Page 4 
provisions of this gift, there has been no showing for the Court. Again, no evidence of any sort has been produced.[3]
Our General Assembly recently enacted the Uniform Prudent Management for Institutional Funds Act which, generally, allows for alteration of gift funds after certain proof is submitted. Still, the Court's discretion is limited.[4] The donor's intent serves as the guide-light as indicated by the Act's drafters:
 Deviation implements the donor's intent. A donor commonly has a predominating purpose for a gift and, secondarily, an intent that the purpose be carried out in a particular manner. Deviation does not alter the purpose but rather modifies the means in order to carry out the purpose. (Uniform Prudent Management of Institutional Funds Act, section 6, cmt. (b)).
The statute emphasizes the important, but restricted role which recipients serve in achieving the donor's goal. Here, Senator Metcalf intended a specific charitable purpose. While the statute is new, it is consistent with time-honored case law establishing limitations and guidelines to fiduciaries, who serve in paramount positions in administering funds. As our High Court said so well, several decades ago:
 It is elementary that a person occupying a position of trust and confidence has the burden of showing that no advantage was taken of the donor. It is well established that a person who sets up a gift has the burden of proving that the gift was actually made. Union Trust Co. v. Davies, 163 A. 744, 745-746 (R.I. 1933).
Without a showing of the original purpose of the gift or fund, the Court will not find that the purpose of the fund is now obsolete. Without showing the original purpose or the goals of Senator Metcalf generally, the Court will not infer that he "likely would *Page 5 
support the redirection of the Hospital's use of the Metcalf Fund". (Complaint, paragraph 12.) The proponent here failed to demonstrate whether the funds were a gift or a trust. The Court will not redirect funds away from direct patient treatment to new equipment, research, and travel without a more specific showing.
Accordingly, the Motion for Entry of Judgment (to allow alternate uses of the fund) is denied.
[1] The hospital does not report when it received the funds, though Sen. Metcalf passed away in October, 1942.
[2] While the hospital alleges that radium is no longer used for brachytherapy, it is unclear if radium is still used at all, whether the gift was limited to brachytherapy, or what the modern treatments are.
[3] While not required under the statute, it is odd that no one, other than the Attorney General, was notified of this proceeding. No notice was provided to Senator Metcalf's heirs, or other donors to the fund, even though the hospital appears to know the addresses for Senator Metcalf's family members.
[4] The Act applies to gifts, not trusts. G.L. § 18-12.1-2.